BING & BING, INCORPORATED, PETITIONER, ET AL.,[1] *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51433, 51434, 51435, 51436, 51437, 51438, 51439, 51440, 51441, 51442, 51443, 51695, 60397.

Promulgated May 28, 1937.

*Laurence. A. Tanzer, Esq.*, for the petitioners.
*Hartford Allen, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Clark Henry Corporation; Ashley Realty Corporation; 117 Corporation; 1980 Corporation; Salva Realty Corporation; 906 Corporation; 2311 Corporation; 840 Corporation; 5421 Corporation; and Thirty Nine Realty Corporation.

OPINION.

STERNHAGEN : The principal controversy in this proceeding is as to the legal character of the Carbarn Syndicate. The syndicate is not a corporation, partnership, joint stock association, or trust, as those terms are commonly used, and the question is how it shall be classified under the revenue acts. This very syndicate and others similar were considered in *Glenmore Securities Corporation*, 24 B. T. A. 697; 62 Fed. (2d) 780; *Frank G. Wild*, 24 B. T. A. 691; 62 Fed. (2d) 777; *Realty Associates*, 17 B. T. A. 1173. But the more recent decisions of the Supreme Court in *Morrissey* v. *Commissioner*, 296 U. S. 344; *Commissioner* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Swanson* v. *Commissioner*, 296 U. S. 362, and *Commissioner* v. *Combs*, 296 U. S. 365, considering in broader scope organizations of various

kinds, covered such as this into the category of associations. Hence it is to be treated as a corporation for all purposes of the act, Revenue Act of 1926, sec. 2 (a) (2), and this means as well when considering distributions by it as when its own income and taxes are in question. The income of an association is not taxed to the members until distribution has been made or accrued by an appropriation similar to the declaration of a dividend, and the respondent was clearly in error in including in petitioner's income any part of the syndicate's income before actual or accrued distribution.

In 1925 the petitioner received from the syndicate $348,729.59. It treated this as return of capital, $330,000, the amount of its original contribution, and $18,729.59 as interest, only the latter amount being returned as taxable gross income. This treatment is also incorrect because it is at variance with the concept of corporate distribution. By section 201 (b), Revenue Acts of 1924 and 1926, "every distribution [by a corporation] is made out of earnings or profits to the extent thereof." There were earnings and profits of $1,089,724.74, of which petitioner's proportionate share of 41¼ percent was $449,-511.46. The amount received was $348,729.59, and is therefore all to be regarded as an ordinary dividend. *Glenmore Securities Corporation, supra; Pierce Oil Corporation*, 32 B. T. A. 403, 429. Since, however, petitioner is a corporation, the amount thus received as a dividend "shall be allowed as a deduction." Revenue Act of 1926, sec. 234 (a) (6) ; *Smith* v. *Commissioner*, 69 Fed. (2d) 911.

The Commissioner now argues that if Carbarn Syndicate was an association it should have paid a tax upon its income, and that its failure to do so gives foundation for an equitable set-off as in *Bull* v. *United States*, 295 U. S. 247. But the record is inadequate to supply the basis for the argument, even if the reasoning be sound. The evidence shows that the syndicate filed only a fiduciary return for 1925. It does not show whether tax was determined or paid, and there is intimation that proceedings covering the syndicate's taxes for 1925, 1926, and 1927 were settled by stipulation. An injustice clearer than this must affirmatively appear to produce a judgment against a member of an association to recoup for the uncollected tax of the association. Cf. *Edmonds* v. *Commissioner*, 90 Fed. (2d) 14.

As to the years 1926 and 1927, when the syndicate made no distributions whatever, the Commissioner's inclusion of $104,875.56 and $49,315.34 as petitioner's distributable share of the earnings of the syndicate was in error.

Likewise the deduction for 1928 of $6,878.56, being 41¼ percent of a syndicate loss of $16,675.28, is inconsistent with the treatment

of the syndicate as an association and, therefore, was in error, as affirmatively pleaded by the respondent in Docket No. 60397.

2. The petitioner assails the Commissioner's inclusion of $136,-215.59 in its income for 1925 as an accrued manager's fee. No amount was received by petitioner on this account and none was accounted for by either the syndicate or the managers. The respondent urges a construction of the syndicate agreement that would give the manager a right to an annual fee computed upon the basis of current earnings or distributions, and points to the actual payment of such a fee in 1930, before the syndicate was terminated, as indicating a practical construction. The terms of the instrument are quoted in the findings and show clearly that during the tax years now under consideration the manager's fee was to be paid "at the time of such termination" of the syndicate after proper capital distribution with "interest" and before the distribution of profits. No interim fee was provided for, and the fact that one was paid in a later year does not support a holding that a right to a fee accrued prior thereto. The Commissioner's determination as to the manager's fee for 1925 is reversed.

3. For 1927 and 1928 the petitioner, having made advances to the Temple Terrace Construction Co., in which it owned half the stock, charged off on its books, and apparently upon its returns, as bad debts $70,130.38 for 1927 and $32,500 for 1928, which were one-half the amounts of the Construction Co.'s book deficits. Both these deductions were allowed by the Commissioner, and there is, therefore, no reference to the item in the deficiency notice for either of these tax years. The petitioner, however, attacks the Commissioner's failure to allow additional deductions as bad debts of the Construction Co. to the extent of $166,117.55 for 1927 and $164,-764.13 for 1928.

These deductions are claimed under that portion of section 234 (a) (5), Revenue Act of 1926, which provides "when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part." The Commissioner is not "satisfied" that this debt was in the taxable years recoverable only to the extent which the petitioner now claims, and the question is whether the evidence is sufficiently strong to require a holding that he reasonably should have been so satisfied. The petitioner relies upon an estimate, made apparently for the first time at the hearing of this proceeding in 1936, of the actual value in 1927 and 1928 of the Construction Co.'s assets, consisting largely of mortgages and real property in the State of Florida. This estimate was made by its comptroller, who kept the corporation's accounts in its office in New York, and his opinion ex-

1178

pressed at the hearing of the value of these properties at the close of the years in question was entirely inadequate to establish that the Commissioner's official determination, which was identical with that expressed by the petitioner upon its own books, was incorrect or that his failure spontaneously to make a more favorable determination was unreasonable. The petitioner's allegations, therefore, as to this item must be dismissed for insufficiency of proof to support a finding of nonrecoverability greater than that already allowed.

Other items which are covered by the pleadings have all been disposed of by withdrawal, concession, or stipulation.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*